IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TOMMY L. WAUGH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 20-cv-651-DWD |
| | ) |
| DAN SPROUL, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

**DUGAN, District Judge:**

Petitioner Tommy L. Waugh, an inmate of the Federal Bureau of Prisons who is incarcerated at United States Penitentiary-Marion within the Southern District of Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. He alleges that he was denied due process during prison disciplinary proceedings and that he lost good conduct credit as a result.

This case is before the Court for preliminary review of the petition pursuant to Rule 4 of the FEDERAL RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS, which can be applied to § 2241 petitions pursuant to Rule 1(b). Rule 4 directs the judge who receives a petition to promptly examine it, and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."

Inmates in the custody of the Bureau of Prisons can challenge the loss of good conduct credit without due process through a petition for habeas relief brought pursuant

to 28 U.S.C. § 2241. *See Jones v. Cross*, 637 F.3d 841 (7th Cir. 2011), *Jackson v. Carlson*, 707 F.2d 943, 946 (7th Cir. 1983). As such, it is not plainly apparent that Waugh is not entitled to habeas relief, and, without commenting on the merits of the claims presented, the Court concludes that the petition survives preliminary review.

## Conclusion

For the above-stated reasons, Respondent Dan Sproul, Warden of USP-Marion, is **ORDERED** to answer or otherwise respond to the petition (Doc. 1) on or before January 11, 2021. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service upon Respondent.

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk of Court and Respondent informed of any change in his address during the pendency of this action. Notification of any changes of address must be made in writing and within 7 days of any transfer or other change in address. Petitioner is **WARNED** that failure to provide notice may result in dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**SO ORDERED.**

Dated: December 10, 2020

DAVID W. DUGAN
United States District Judge