# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TOMMY L. WAUGH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 20-cv-651-DWD |
| | ) | |
| DAN SPROUL, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER DISMISSING 28 U.S.C. § 2241 PETITION AS MOOT

**DUGAN, District Judge:**

On July 2, 2020, Petitioner Tommy L. Waugh, an inmate in the custody of the Bureau of Prisons who is incarcerated at USP-Marion within the Southern District of Illinois, filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2241. Waugh challenges a disciplinary decision that led to him losing 41 days of good conduct credit, and, in addition to expungement of the charge and restoration of the sentence credit, Waugh seeks a declaration that the BOP violated his rights by disciplining him. Now before the Court is Respondent Dan Sproul's motion to dismiss Waugh's petition as moot.

### BACKGROUND AND ANALYSIS

Petitioner Tommy L. Waugh lost 41 days of good conduct credit in December 2018 when a BOP Discipline Hearing Officer found him guilty of using a telephone for an illegal purpose. When presented with Waugh's petition, the BOP reviewed the charge and sentence and opted to expunge the charge and to restore the good conduct credit. As a result, Respondent argues that Waugh's petition is now moot. Waugh responded to the motion to dismiss suggesting that this action is not moot because he still seeks a

declaratory judgment stating that his due process rights were violated when he was found guilty of the charge at issue.

"The inability to review moot cases stems from the requirement of Article III of the Constitution which limits the exercise of judicial power to live cases or controversies." *A.M. v. Butler*, 360 F.3d 787, 790 (7th Cir. 2004). The Seventh Circuit directs a federal court to "dismiss a case as moot when it cannot give the petitioner any effective relief." *Id.* Further, the purpose of a habeas case is to seek immediate or earlier release from custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (dismissing § 1983 claims that should have been brought as petitions for writ of habeas corpus). Here, the disciplinary action that allegedly violated Waugh's due process rights has been expunged, and his good conduct credit has been restored. In seeking declaratory relief, he is no longer seeking an earlier release from custody, rendering this request unavailable in this action brought pursuant to 28 U.S.C. § 2241. As a result of the reversal of the disciplinary action, there is no further relief available to Waugh in this action, and the petition is moot.

## Conclusion

For the above-stated reasons, Respondent Dan Sproul's motion to dismiss as moot (Doc. 12) is **GRANTED**. This action is **DISMISSED without prejudice** as **MOOT**. The Clerk of Court is **DIRECTED** to enter judgment reflecting the dismissal and to close this case.

It is not necessary for Petitioner to obtain a certificate of appealability should he choose to appeal this Order denying his § 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000). Petitioner may appeal by filing a notice of appeal, which typically

must be filed within 30 days of the entry of judgment. *See* FED. R. APP. P. 4.

**SO ORDERED.**

Dated: June 22, 2021

_____
DAVID W. DUGAN
United States District Judge